## KNIGHT v. JUDD *et al.*

USURY: VENDOR AND VENDEE. Where a vendee of real estate subsequently pays the amount agreed upon, with legal interest, and executes his note for usurious ·interest accrued, he will be held entitled to a deed, and the note given for the usurious interest without consideration.

*Appeal from Story District Court.*

### THURSDAY, JULY 25.

SUIT in equity to set aside a conveyance of certain land, made by defendant Judd to his co-defendant, Ladd, and to compel a specific performance by Judd of his contract to convey said land to plaintiff. The cause was tried by the first method, and judgment was rendered for plaintiff as prayed for. The defendants appeal.

*J. S. Frasier* for the appellants.

*J. L. Dana* and *F. D. Thompson* for the appellee.

COLE, J. — In December, 1854, one A. B. Judd sold to plaintiff two hundred and forty acres of land, which he had then just entered, or obtained from others who had, for the sum of $420 ; being the government price therefor, $300, and forty per cent thereon, and for which first named sum, the said plaintiff executed to said Judd his notes payable one year after date, and took from Judd his bond for title. In other words, the transaction was what was then called, "a time entry." The plaintiff took possession of the lands, and made some improvements thereon; he also made a small payment each on two of the notes. In May, 1858, A. B. Judd sold the lands to his brother Byron Judd, with the understanding that the latter would carry out the contract by the former with the plaintiff. After the notes matured, the plaintiff agreed to

pay interest thereon at forty per cent; but afterward the rate of interest was reduced to thirty-six per cent per annum. In November, 1861, the parties had an accounting, and the interest on the amount of said notes was calculated at the rates above stated, and it was ascertained that plaintiff had paid, with the amount he then paid, in money and property, all there was due at said rates of interest, except the sum of $377.54. The defendant Judd then gave plaintiff a deed for eighty acres of the land, took his note payable in one year for the balance due, as above, and gave a bond for title to the remaining lands, upon the payment of the note at maturity, time being of the essence of the contract. After the note matured, and for several years, there were negotiations between Judd and Knight respecting their payment, as between debtor and creditor. In October, 1868, Judd sold the lands, described in the bond for title, to the defendant Ladd, who had knowledge of all the facts. Ladd took forcible possession of these lands from the plaintiff, and wholly denied plaintiff's title or interest therein, and proceeded to cultivate and make improvements thereon. It is unnecessary to state the facts more in detail.

There was no usury in the original purchase of the land, nor in the agreement to pay the government price in one year with forty per cent interest thereon. The verbal agreement afterward to pay for a time, respectively, forty and thirty-six per cent interest, did not have the effect of making the original notes usurious. But, when the plaintiff paid to Byron Judd an amount in money and property greater than the whole amount with legal interest then due on all the notes for all the lands, he was entitled to a conveyance of them. The last note was, therefore, given wholly for usurious interest, and does not represent any legal indebtedness under our statute. Ladd knew, when he purchased of Judd, that plaintiff had paid for the land. The decree of the district court was right. The

principles on which it was grounded are too well settled to require the citation of authorities to support or illustrate them.

The counsel for appellants claims that the plaintiff and his witnesses are impeached. But if this be granted, the defendants' evidence abundantly supports the judgment of the district court. The plaintiff never owed more than $420, and he has paid more than that sum, with legal interest. The judgment of the district court gave to defendant Ladd time in which to file his petition for improvements under the occupying claimant law. That time having elapsed, we give sixty days after judgment of affirmance here, in which to file such petition, in order fully to effectuate the judgment of the district court. Of course, we express no opinion respecting such claim.

Affirmed.